THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF INLAND MARINE SERVICE, INC., AS OPERATOR AND OWNER *PRO HAC VICE*, LAY LEASING, INC., AS OWNER, AND AEP RIVER OPERATIONS LLC., AS OWNER *PRO HAC VICE*, OF THE M/V CALEB LAY, OFFICIAL NO. 502876, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 1:14-cv-833<br><br>Judge Timothy S. Black<br><br>IN ADMIRALTY |

**ORDER GRANTING PARTIES' JOINT MOTION
TO ENFORCE RESTRAINING ORDER (Doc. 35)**

This civil action came before the Court on the parties' joint motion to enforce the previously entered restraining orders. (Doc. 35).

### I. BACKGROUND

On September 25, 2014, the M/V Caleb Lay, an inland river commercial towing vessel, was involved in a maritime collision on the Ohio River, which resulted in two fatalities. On October 24, 2014, Inland Marine Services, Inc., Lay Leasing, Inc., and AEP River Operations, LLC, (collectively, the "Caleb Lay Petitioners"), as owners of the M/V Caleb Lay, filed in this Court their Complaint in Admiralty for Exoneration From or Limitation of Liability, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* (Doc. 1).

As required, notice of the limitation proceedings was issued to potential claimants. (Docs. 5, 6, 7). Thereafter, Cathy Stack, individually and on behalf of the Estate of John Stack, II, and Anna Eastlick, individually, and on behalf of the Estate of Bryce Eastlick (collectively, the "Claimants"), each filed a claim against the Caleb Lay Petitioners, as

1

well as cross-claims against each other, based on personal injury, pain and suffering, wrongful death, loss of consortium, and mental anguish.  (Docs. 10, 11, 14, 18).  The Claimants also filed answers to the Complaint, disputing the Caleb Lay Petitioners' right to exoneration or limitation of liability, alleging that the Caleb Lay Petitioners were negligent and that the barges were improperly lit and failed to give appropriate warning to approaching vessels.  (Docs. 10, 12).

As a part of the initiating documents of this limitation proceeding, and as authorized under the Limitation of Liability Act and Supplemental Rule F of the Federal Rules of Civil Procedure, this Court entered a Restraining Order on October 31, 2014 (the "Caleb Lay Restraining Order").  (Doc. 4).  Specifically, the Restraining Order prohibits "the institution and presentation of any suits, actions or legal proceedings of any nature or description whatsoever against the M/V Caleb Lay and [the Caleb Lay] Petitioners, except in this [limitation] proceeding … arising out of or connected with the casualty which occurred on September 25, 2014."  (*Id*. at 1).  Additionally, the Caleb Lay Restraining Order prohibits the Claimants from "initiating or prosecuting any legal or administrative action or any other adversary proceeding relating to the liability of [the Caleb Lay] Petitioners and/or the M/V Caleb Lay with respect to the casualty of September 25, 2014 except in this action."  (*Id.*).

On June 1, 2015, Ms. Eastlick, individually and on behalf of the Estate of Bryce Eastlick, as owner of the 19-foot pleasure craft involved in the September 25, 2014 collision (the "Eastlick watercraft"), also filed a complaint for exoneration from or

limitation of liability. (Doc. 24). Accordingly, the Court entered a second Restraining Order on June 22, 2015 (the "Eastlick Restraining Order"). (Doc. 26). The Eastlick Restraining Order prohibits "the institution and presentation of any suits, actions or legal proceedings of any nature or description whatsoever against [Ms. Eastlick or the Eastlick Estate] and the Eastlick watercraft, except in this [limitation] proceeding … arising out of or connected with the casualty which occurred on September 25, 2014." (*Id*.) Additionally, the Eastlick Restraining Order prohibits Ms. Stack, the Stack Estate, and the Caleb Lay Petitioners from "initiating or prosecuting any legal or administrative action or any adversary proceeding relating to the liability of [Ms. Eastlick or the Eastlick Estate] and/or the Eastlick watercraft with respect to the casualty of September 25, 2014, except in this [limitation proceeding]." (*Id*.).

On March 26, 2015, in response to the Eastlick cross-claim against the Stack Estate, counsel for the Stack Estate sought defense and indemnification from Nationwide Property and Casualty Company ("Nationwide"), in accordance with the Homeowner's Policy issued to John M. Stack, II, which included a watercraft coverage provision. However, Nationwide took the position that the Eastlick watercraft fell within an exclusion to the coverage. Accordingly, on May 8, 2015, Nationwide filed a Complaint for Declaratory Judgment in the Court of Common Pleas for Warren County, Ohio, naming the Stack and Eastlick Estates as defendants. (Doc. 34-1).

Nationwide's Complaint requests that the state court determine and declare that: (1) "any and all claims asserted by Defendant Eastlick against Defendant Stack, arising out of the incident of September [25], 2014, are excluded from coverage"; (2) "Nation-

3

wide owes no duty under the Homeowner policy to any defendant related to the incident of September [25], 2014"; and (3) "the defendants are not entitled to any proceeds whatsoever from Nationwide arising out of the incident of September [25], 2014." (*Id.* at 5). Nationwide further requests that the state court "determine and declare all other disputed rights and obligations by, among, and between the parties and related to the attached insurance policy and/or the accident that occurred on September [25], 2014." (*Id.* at 5, ¶ 30).

## II.  ANALYSIS

Pursuant to Fed. R. Civ. P. Supp. R. F(3) and 46 U.S.C. § 30511(c), once the owner of a vessel has filed a complaint for limitation of liability in federal court, and has posted security as required, as has occurred here, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Per Rule and law, the Court is authorized to enjoin all prosecutions of all claims with respect to the matter other than in the federal limitation proceeding. Fed. R. Civ. P. Supp. R. F(3).

Pursuant to this authority, this Court has previously entered two Restraining Orders (Docs. 4, 26), prohibiting the institution and presentation of any suits, actions or legal proceedings of any nature or description whatsoever against the Caleb Lay Petitioners and the M/V Caleb Lay (Doc. 4), <u>and against the Eastlick Estate</u> and the Eastlick watercraft (Doc. 26). These Orders further prohibit the parties to this action from initiating or prosecuting any legal or administrative action or any adversary

4

proceeding relating to the liability of the Caleb Lay Petitioners and the M/V Caleb Lay (Doc. 4), and the Eastlick Estate and the Eastlick watercraft (Doc. 26), with respect to the asualty of September 25, 2014, except in this federal limitation proceeding.

"The purpose of a limitation proceeding is not merely to limit liability, but to bring all claims into concourse and settle every dispute in one action." *The Qarrington Court*, 102 F.2d 916, 918 (2d Cir. 1939); *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 415 (1954). "The very nature of the proceeding is such that it must be exclusive of any separate suit against an owner on account of the ship … [and] requires every person to assert his claim in that case." *Metropolitan Redwood Lumber Co. v. Doe*, 223 U.S. 365, 371 (1912). Once there is a concursus, the district court, sitting in admiralty, decides whether there was negligence or unseaworthiness and, if so, whether it was without the privity and knowledge of the owner. If limitation is granted, the court also determines how the limitation fund should be distributed among the claimants. *Complaint of Dammers & Vanderheide*, 836 F.2d 750, 755 (2nd Cir. 1988). In short, by filing a limitation proceeding, "an owner or charterer may avoid a multiplicity of actions against it; resolve the issues raised in the multiplicity of actions in a single action; and limit its liability in the one action to the value of the vessel and pending freight." *MSC Mediterranean Shipping Co. v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 198 (4th Cir. 2009); 46 U.S.C. § 30511; Fed. R. Civ. P. Supp. R. F.

Inequities can result if non-limitation proceedings are allowed to proceed. The admiralty court is generally acknowledged to possess broad injunctive power to ensure the orderly and effective operation of the Limitation Act. *S & E Shipping Corp. v.*

*Chesapeake & O. Ry. Co.*, 678 F.2d 636, 642 (6th Cir. 1982) ("Upon the shipowner's filing of the petition and his tender of an adequate bond, the district court must enjoin all other proceedings against the shipowner involving issues arising out of the subject matter of the limitation action").

As the court expressed in *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756 (9th Cir. 1986), there is the real possibility that issues litigated in a separate forum will have a preclusive effect on issues in the limitation proceeding. Requiring all actions to be litigated within the limitation proceeding protects against inconsistent results and repetitive litigation. *Id*. at 761 (citing *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 414-416 (1954)).

Here, specifically, a determination of whether the watercraft coverage provision in Nationwide Homeowner's policy applies to the Eastlick cross-claim may impact Petitioners' potential exposure. For instance, if the Eastlick Estate receives a verdict assigning fault against Petitioners and the Stack Estate, the absence of coverage under the Nationwide policy may render the Stack Estate unable to pay its *pro rata* share. The Eastlick Estate could then attempt to collect the entire verdict from Petitioners under the theory of joint and several liability. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220-21 (1994); *see also Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1124-30 (5th Cir. 1995) (*en banc*) ("joint and several liability is the maritime rule").

### III.  CONCLUSION

Accordingly, having reviewed the Complaint for Declaratory Judgment (Doc. 34, Exhibit 1) filed by Nationwide Property and Casualty Company in the Warren County, Ohio Court of Common Pleas, Case No. 15-CV-87219 (the "declaratory judgment action"), this Court finds that the declaratory judgment action is subject to the previously entered Restraining Orders (Docs. 4 & 26), as it was brought against Defendants in the instant case and requires prosecution that may impact the liability of Petitioners. Accordingly, <u>the declaratory judgment action must be enjoined</u>.

Accordingly, the parties' Joint Motion Enforce Restraining Order[s] (Doc. 35 ) is hereby **GRANTED**.

**Nationwide Property and Casualty Company is hereby granted leave to file its claim for declaratory judgment in this federal proceeding within 30 days of entry of this Order.**

The Clerk of Court shall serve a copy of this Order, by certified mail, upon Nationwide Property and Casualty Company, c/o its trial attorney, Tabitha Justice, Esq., Subashi & Wildermuth, The Green Town Center, 50 Chestnut Street, Suite 230, Dayton, OH 45440.

**IT IS SO ORDERED**.

Dated: 7/23/2015                                         *s/ Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge

7